1
2
3
4
5
6
7
8    EXHIBIT        D.)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Court of Appeal, First Appellate District, Div. 2 - No. A119549
**S159353**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

DUANE A. SINGLETON, Petitioner,

v.

SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;

THE PEOPLE, Real Party in Interest.

The petition for review is denied.

George, C.J., was absent and did not participate.

SUPREME COURT
**FILED**

JAN 3 0 2008

Frederick K. Ohlrich Clerk

—————————————
Deputy

**BAXTER**
—————————————
Acting Chief Justice

1
2
3
4
5
6
7
8
9          EXHIBIT          (D.)
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE CALIFORNIA
SUPREME COURT

DUANE A. SINGLETON
Petitioner,

v.                              CASE No.:

THE SUPERIOR COURT      A118808
OF Ala. Co.
Respondent;     (Ala. Co,
                      Supor. Ct.
THE PEOPLE OF THE ST. No. 519203)
OF CALIF
Real Party in Interest.  /

APP.              1 of 2.

DEAR CHIEF
JUSTICES' ? DO
HEREBY RESUBMIT
EACH OF MY PREVIOUSLY
ASSERTED CONTENTIONS.

- WHILE CITING
U.S. V. DIETRICH 940
F. 2N 37 CA. 2. N.Y.
1991

" PLEADINGS OF PRO
SE INMATE ARE TO
BE CONSTRUED LIBERALLY.

ALBEIT I NOW
ADAMANTLY REQUEST
THIS HONORABLE COURT
TO EXTEND UN TO ME
THE REQUESTED REDRESS.

AUG. 30, 2007

Mr Duane A.

IN PRO SE

APP.                    2 of 2.

VERIFICATION

1
2
3  I, D.A. SINGLETON, am
4  the petitioner in the
5  above-entitled proceedings.
6  I HAVE REVIEWED THE
7  HEREIN ENTITLED PLEADINGS
8  FOR WHICH I KNOW TO
9  BE TRUE & CORRECT.

10
11
12
13  I declare under penalty
14  of perjury that the
15  foregoing is true and
16  correct. This device was
17  executed on AUG. 30, 2007
18  at Dublin, California.
19
20
21  Mr. Duane A. Singleton
22
23
24
25
26
27  VERIF
28  APP. S. Ct.        1 of 1.



# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

DUANE A. SINGLETON,

    Petitioner,

v.

THE SUPERIOR COURT OF ALAMEDA
COUNTY,

    Respondent;

THE PEOPLE OF THE STATE OF
CALIFORNIA,

    Real Party in Interest.

```
                        FILED
          Court of Appeal First Appellate District

                    AUG 2 8 2007

                  Diana Herbert, Clerk
          By_____Deputy Clerk
```

A118808

(Alameda County
Super. Ct. No. 519203)

BY THE COURT:

    The petition for writ of error coram nobis is denied.

Dated:   AUG 2 8 2007                **HAERLE, J.**    Acting P.J.

1

IN THE COURT OF APPEAL OF
THE STATE OF CALIFORNIA,
FIRST APPEALATE
DISTRICT  DIVISION
TWO]

FILED

AUG 2 1 2007

Court of Appeal - First App. Dist.
DIANA HERBERT

By_____
DEPUTY

Petition for Writ
of CORAM NOBIS

STAY REQUESTED

D.A. SINGLETON,            NO.
Appellant.                SUPERIOR CT.
vs.                       NO. 519203

                          PETITION
                          FOR WRIT OF
                          CORAM
SUPERIOR CT. OF           NOBIS
THE CO., OF Ma.

A 118808

"STAY REQUESTED"
GERMANE COVER
SHEET  —  —

1 of 1  pg.

1 IN THE COURT OF APPEAL OF
2 THE STATE OF CALIFORNIA
3 FIRST APPELLATE
4 DISTRICT [DIVISION
5 TWO]

6
7 Petition for writ
8 & CORAM NOBIS
9

10
11 D.A. SINGLETON,          No.
12    Appellant.           SUPERIOR CT.
                           No. 5192 03
13                         PETITION
14 vs.                     FOR WRIT OF
15                         CORAM
16 SUPERIOR CT OF          NOBIS
17 THE CO., OF H.O.,
18    Respondent.
19
20
21
22
23 DUANE A. SINGLETON,
24 PETITIONER & DEFENDANT
25 (SAME) IN THE
26
27 PET.
28 WRIT ERROR.          1 & 7 08.

1 ABOVE-CAPTIONED CASE,
2 ALLEGES THAT:
3
4    1. HE IS THE DEFENDANT
5 IN THE ACTION ENTITLED
6 PEOPLE OF THE STATE OF
7 CALIFORNIA VS.
8 DUANE A. SINGLETON
9 CRIMINAL ACTION
10 # 519203.
11
12    2. THE RESPONDENT IS
13 THE SUPERIOR COURT OF
14 THE COUNTY OF ALAMEDA.
15
16 3. THE RESPONDENT COURT
17 HAS A CLEAR PRESENT
18 MINISTERIAL DUTY TO
19 AFFORD UNTO ME, A FAIR
20 HEARING VIA TO
21 PERILOROUS WRIT
22 OF CORAM NOBES AND
23 THEREAT, NON SUBJECT
24
25
26
27 PET.
28 WRIT ERROR    2 of 7 pgs.

1  DEFENDANT / PETITIONER
2  INTO THE HARMS
3  ASSOCIATED WITH AN
4  MANIFESTLY MALICIOUS
5  PERSECUTION.

6
7  4) PETITIONER / DEFENDANT
8  AS A PARTY BENEFICIARY
9  INTERESTED IN THE
10 ISSUANCE OF THE WRIT
11 BECAUSE THE AFORESTATED
12 FACTS ENTANGLED WITHIN
13 NUMBER THREE (3)
14 ABOVE SHALL
15 UNEQUIVOCALLY PROVE
16 THAT TO SERVE THE GENERAL
17 AUTHORIZING THE GENERAL
18 PUBLIC AT LARGE SHALL
19 NEED AS HONORABLE
20 COURT TO ISSUE THE
21 WRIT IN MAINTAINING
22 THE ORGANIZATIONAL
23 SANCTITY, &

27 PET.
28 WRIT ERROR    3 of 7 pgs.

TRUSTWORTHYNESS OF
OUR JUDICIAL SYSTEM
AS AN VIABLE HOUSE
OF SANCTUARY
DEPICTED UPON
COURTS.

S. PETITT HAS NO PLAIN,
SPEEDY & ADEQUATE
REMEDY IN THE ORDINARY
COURSE OF LAW OTHER
THAN THE RELIEF
SOUGHT IN THIS
PETITION BECAUSE
PETITIONER CAN FAIR
HEARING BEING
EXTENDED UNTO
PETITIONER/DEFENDANT
SHALL UNDOUBTEDLY
BE ILLEGALLY SUBJECTED
UNTO FURTHER MALICIOUS
ACTS IN
ABSOLUTE FURTHERANCE

Pet.
Writ. CNPR                4 of 7 pgs.

OF ALAMEDA COUNTY
ILLEGALLY PERSECUTING
ME, UNDER THE GUISE
OF THE LAW.

WHEREFORE PETITIONER

REQUEST'S :

1. THAT THE COURT
ISSUE THE WRIT OF
CORAM NOBIS,
COMMANDING RESPONDANT
COURT TO PROMPTLY
STAY ALL COURT
PROCEEDINGS OTHER
THAN TO FREE ME,
FROM CUSTODY VIA
MY OWN RECOGNIZANCE
OR ALLOW ME TO BAIL
IN THE SUM OF $1000.00
ONE THOUSAND DOLLARS.

PET.
WRIT ERROR         5 of 7 pg.



1  and to extend to
2  one constitutionally entitled
3  constitutional right at
4  a hearing on a fair the
5  hearing upon the
6  appeal attached
7  illegal denied or
8  writ coram nobis or
9  writ coram. See People
10  v. Sharman cite cr.
11
12  69 Cal. 2d 226, 397 P. 2d
13  993) 8] crim. law
14  Constitutional require-
15  ment for appointment
16  of esc. v to indigent
17  defendant extends to
18  coram nobis proceed-
19  ings.

20
21  [14] crim. law
22  Once indigent petitioner
23  has stated facts sufficient
24
25
26
27  Pet
28  writ error          6 & 7 PR

1  To satisfy court that
2  hearing on corum nobis
3  application is required,
4  the claim can be
5  considered not frivolous & he
6  is not frivolous, & he
7  is entitled to counsel
8  is entitled to counsel
10 court on appeal if
11 so, do county limitations
12 applicable to habeas
13 corpus petition apply
14 to a habeas claim under
15 & am urging under
16
17
18 hereby now nominate
19 & assert each content-
20 tion asserted within
21 the body of my writ.

        AUG. 3rd, 2007

        My Current Pro Se

NEXT ERROR        7 of 7



1  STATEMENT OF GERMANE
2  & MATERIAL FACTS.
3
4
5  MOREOVER, FOR THE
6
7  FRIVOLOUS
8
9
10
11
12
13
14
15
16
17  SECOND INSOFAR
18
19
20
21
22
23
24
25
26
27
28  S. OF F.'s                2 of 2.



1 AN UNSUPPORTED
2 SUPPOSITION AT
3 CAUSE TOO AT
4 EVIDENCE THE WANTON
5 DENIAL OF MY GERMANE
6 ORV BAIL REQUEST.
7
8
9 DEMAND
10 THE REOPENING OF
11 THE RELEVANT WRIT,
12 APPOINTMENT OF
13 APPOINTMENT COUNSEL
14 APPOINTED
15 APPOINTED HEARING
16 HEARING THE
17 HER IS ME
18 HER CLAVEL ON A
19 ON COMM. VEGA
20 CONVICTION.
21
22
23
24
25
26
27
28 S. of F.'s        2 of 2.

SUPERIOR CT. OF THE ST. OF
CALIF., FOR THE COUNTY
OF ALAMEDA

ENDORSED
FILED
ALAMEDA COUNTY

JUN 1 5 2007

CLERK OF THE SUPERIOR COURT

By _____

PEOPLE OF THE STATE
OF CALIF.,
  Plaintiff,

        v.

D.B. SINGLETON,
  Defendant.

Case # 519203

VIA NOTICE OF
APPEAL AS
TO PETITION
FOR WRIT
OF CORAM
NOBIS

TO THE DISTRICT ATTORNEY
OF ALAMEDA COUNTY &/OR
HIS REPRESENTATIVE:

PLEASE TAKE NOTICE
THAT PETITIONER IS
HEREAT SEEKING A FAIR
REVIEW OF SUPERIOR COURTS
DECISION - ISSUES NOW

BEING RAISED ARE
SAME AS THOSE RAISED
BELOW.

- ALBEIT ONE CONSIDER-
ATION WHICH MAY
DETERMINE WHETHER
DELAY IS UNNECESSARY
IS WHETHER THE
PROSECUTION HAS TIME
TO RELEASE THE
DEFENDANT FROM
EVALUATING EVIDENCE
UNNECESSARILY INVOLVING
DEFENDANT BEFORE A
DETERMINATION ...
HOWEVER, TO
ACCORDING CIRCUMSTANCES OF DELAY
CIRCUMSTANCES DO
BE REQUIRED IN STATUTORY
EACH CASE. SEE/SLAN(EY)
AS A LEGAL RES. SEE/SLAN(EY)
U. JUSTICE CT. (1976) 55 Cal



JUNE 1, 2007

Mr. Duane H. Fry _____

IN PRO SE



# VERIFICATION

VERIFY PETITION FOR
WRIT OF HABEAS
RELIEF BY PETITIONER
WRIT OF CORAM
... CASE #
51203.

I declare under penalty
of perjury that the
foregoing is true and
correct. This verificat-
ion was executed
June 1 2007, at Dublin,
California.

By Duane H. Eagleton
IN PRO SE

VERIF



VERIFICATION

I, DUANE A SINGLETON
AM THE PETITIONER IN
THE ABOVE-ENTITLED
PROCEEDING. I HAVE
READ THE FOREGOING
PETITION AND KNOW
ITS CONTENTS. THE
CONTENTS ARE TRUE
OF MY OWN KNOWLEDGE,
EXCEPT THOSE
MATTERS WHICH ARE
ALLEGED ON
INFORMATION AND
BELIEF, I BELIEVE
THOSE MATTERS
ALLEGED ON INFORMA-
TION AND BELIEF
TO BE TRUE FILED BY
PLEASE FIND #10
OF DAMAGE NOTICE
APPEAL AS TO

VERIF
APPEAL/C.D.    1 of 2.

1 PETITION FOR WRIT
2 OF CORAM NOBIS
3 ARGIA WAS FILED
4 & ENDORSED FILED
5 BY OPEN COURT
6 SEP, ___ ON JUNE
7 15, 2007.

8
9 I, declare under penalty
10 of perjury that the
11 foregoings is true and
12 correct. This
13 Declaration was
14 executed on AUG 3rd,
15 2007, at Dublin, CA.
16
17
18
19 Mrs Dnuvi A. Singleton
20
21
22
23 IN PROSE
24
25
26
27 USDC F.
28 AMGATI/C.N.   2 of 2.

# DECLARATION

I, DUANE A. SINGLETON
DECLARE THAT AT
THE TIME OF THEN
HEREIN ENTITLED
CASE OF CORRIN
NOTES [...] ON OF
ABOUT JUDE 1 2007
A LEGAL DENERCEN
DEPT. PER
PROMPTLY REQUESTED
THE SUPOENA
AND MATERIAL BE
TRANSCRIBED AND
GIVEN TO DEFENDANT
WITH THE REMAINING
ORDER - MOREOVER,
SUPPLIED ME WITH A
GAMES [...] SHAN

DECL. YPA
TRANS. M.O.    SofB,



I DECLARE UNDER
PENALTY OF PERJURY
THAT THE FOREGOING
IS TRUE AND
CORRECT AND
DECLARA- TION WAS
EXECUTED ON AUG.
WED 2007
VISTER, CA.

Mr. Duane A. [signature]

IN PRO SE

DECLARA-
TIONS/M.O.  3 of 3.

SUPERIOR COURT OF CALIF.

COUNTY OF ALAMEDA

ENDORSED
FILED
ALAMEDA COUNTY

APR 23 2007

CLERK OF THE SUPERIOR COURT
By _____ D. Smith _____
Deputy

PEOPLE OF THE STATE
OF CALIF.
Plaintiff,

vs.

O.A. SINGLETON,
defendant.

Case # 519203

PETITION FOR
WRIT OF
CORAM NOBIS

To: The District Attorney,
County of Alameda, and
District Attorney: Deputy

NOTICE IS HEREBY GIVEN
that on APR. 23, 2007, or
as soon thereafter as

1  the matter may be heard, in
2  Department 108 of the
3  above-entitled court,
4  defendant
5  will petit D.A. SINGLETON,
6  nobis relief for coram
7  the judgement to vacate
8  against him rendered
9  in the Superior Court of
10  the State of Calif., County
11  of Alameda.
12
13
14
15
16  and D.A. SINGLETON, Petitioner
17  above-captioned in the
18  above-captioned case
19  was arraigned. Petitioner
20  pursuant to an information
21  charging that he violated
22  the State section Calif. 11350. H&S, OF
23  Petitioner did unlawfully
24  possess Base Cocaine.
25  On JUN 2 2006, pursuant to
26
27
28

that information, the court
pronounced a judgment
conviction, via proposition
thirty-six, and thereat,
placed petitioner on
three years probation.
Petitioner is currently
incarcerated at Santa
Rita County Jail under
this judgment incident
too an probation
revocation. On
MAR. 13 2007, petitioner
discovered overwhelmingly
conclusive evidence to
show that said
judgment
via the D.A.s was obtained
MISREPRESENTATION by
petitioners S. of man
court appointed counsel
whom I told I'm not Guilty.

1  INSOFAR AS upon my initial
2  contact with the germaine
3  counsel one GARY L. SHERRER
4  I ADAMANTLY REQUESTED
5  HIM TOO FILE A VIABLE
6  MOTION TO DISMISS
7  BASED ON THE FACT
8  THAT I'D STAYED IN
9  JAIL FOR SEVENTY TWO
10 HOURS WITHOUT GETTING
11 SERVED AN INFORMATION
12 AND THUS RELEASED. SAID
13 ESQ. TRICKED ME
14 INTO BELIEVING THAT
15 I HAD ABSOLUTELY NO
16 LEGAL DEFENSE(S) VIA
17 SAID SCENARIO
18 THEREBY HAVING ME
19 ILLEGALLY SUBJECTING

MYSELF TOO SUSTAIN AN
FELONY CONVICTION THAT
BY NO MEANS AM I
GUILTY THEREOF
SAID PETTIFOGGER
MERELY TOOK ADVANTAGE
OF MY BEING UNDER
DURESS TOO GET BACK
HOME TO MY UNSTABLE
FIANCE' IN THAT HE
KNEW THAT I AM
INDIGENT AND COULD
NOT MAKE BAIL THUS,
I, WAS MALICIOUSLY
SUBJECTED TOO BEING
ILLEGALLY CONVICTED VIA
AN CRIME WHICH I
DID NOT COMMIT.

VIA DUE DILIGENCE
SURROUNDING MY PRESENT
LITIGATION REGARD-
ING CASE # 527039
I HAVE NOW BECOME
AWARE OF THE JUSTIFICAT-
ION FOR THIS WRIT
OF CORAM NOBES. The
discovery of said
Fraudulent misrepre
sentation shows the
existence of petitioners
useable & valid
AFFIRMATIVE DEFENSE.
NAMELY MULTIPLE DUE
PROCESS VIOLATIONS WHICH
WAS NOT ADDRESSED AT
THE TIME OF TRIAL PRE

TRIAL, NONE OF THE
SUBSTANTIAL FACTS
RELATING UNTO THE
AFORESTATED FRAUDULENT
MISREPRESENTATION
APPEAR ON THE
RECORD AND THE TRIAL
COURT WAS NOT AWARE
OF THEM WHEN THE
JUDGEMENT WAS
ENTERED. MY SWORN
TESTIMONY CAN BE
PRODUCED IF REQUIRED.

NO APPEAL WAS TAKEN FROM
THE JUDGMENT, THE TIME FOR
APPEAL HAS PASSED, AND
PETITIONER HAS NO

other inadequate remedy
available except this
petition for writ of
coram nobis.

WHEREFORE, petitioner
requests that a writ of
coram nobis be issued
directing the judgment
and sentence in case
Number 519203 be
set aside.

Dated, MAR. 21 2007

Mr Duane A.

# VERIFICATION

I, D.A. SINGLETON, am the petitioner in the above-entitled proceeding. I have read the petition and know its contents. The contents are true to my knowledge, except as to those matters which are alleged on information and belief. I believe those matters alleged on information and belief to be true.

1  ALBERT, THE D.A'S,
2  IMPROPER ACTION VIA
3  NOT ARRAIGNING ME
4  WITIN SEVENTY TWO
5  HOURS RELEASING
6  ME, AND THEREAFTER
7  PLACING AN WARRANT
8  OUT FOR MY ARREST
9  CONSTITUTED THE
10 GERMANE PREJUDICE.
11 SEE/ In re Watkins (1966)
12 64 Cal. 2d 866, 51 Cal. Rptr.
13 717, 415 P. 2d 805; &
14 People v. Gunn (1965)
15 220 Cal. App. 2d 694, 35 Cal.
16 Rptr. 93. ; & People v. Gilbert
17 (1944) 25 Cal. 2d 422, 154 P. 2d 657.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on MAR. 13 2007, at Dublin, California.

Mr. Duane A. Singleton

DUANE A. SINGLETON

# POINTS & AUTHORITIES

An allegation in a petition
for coram nobis that
defense counsel im-
properly induced the
petitioner to enter
a plea does not state
a ground for relief
absent an allegation
of state involvement
In re Nunez (1965) 62
Cal. 2d 234, 42 Cal. Rptr.
6, 397 P.2d 998; People
v. Jolke (1966) 242 Cal.
App. 2d 132, 51 Cal. Rptr.
171 - Action on advice
of public defender is

P & A's

equivalent to action
based on advice of private
counsel, and defendant's
allegation in a petition
for coram nobis that
the public defender
improperly induced
him to enter a guilty
plea did not state a
ground for relief ab-
sent an allegation
that defendant was
prejudiced by improper
action of state
officials — In Re Watkins
(1966) 64 Cal. 2d 866, 51 Cal.
Rptr. 917, 415 P. 2d 805

P&A's

A specific claim of being
forced or defrauded
into entering a plea
of guilty is properly
raised in a coram
nobis proceeding. un-
less it appears that
the prosecuting
attorney or other
prosecuting official
was a party to the
force or fraud.
People v. Quigley (1964)
225 Cal. App. 2d 694,
35 Cal. Rptr. 393
However, if the

P&A's



representation of
defense counsel pre-
sents a purported
commitment by a
responsible state
official that if
actually made, would
vitiate the plea and
if the "gits" or state-
ments of the state-
officer apparently
substantially corrobor-
ate the representa-
tion to the exclusion
of his or her own

free will and judgment. The operation of this rule is not dependent on actual participation by the state, directly or indirectly, in any agreement to enforce a plea the more apparent corroboration by act or statement though innocent.

P&A'

5)

sufficient to vacate
the plea - People v.
Gilbert (1944) 25 Cal.
2d 422, 154 P. 2d 657.

THE PROOFS SHALL
BE DRAWN FROM
THE MEANS USED
FOR CONCEALMENT.

WOE UNTO THOSE
WHOMS ILL DEEDS
HAVE BECOME FAIR
SEEMING.

P&A'S

The petition must be
filed as soon after
judgment as the ---
previously unknown
fact is discovered.
People v. McKee (1963) 219
Cal. App. 2d 124, 126-127,
33 Cal. Rptr. 660, over-
ruled on other grounds by
People v. Shipman (1965)
62 Cal. 2d 226, 233 n.3,
42 Cal. Rptr. 1, 397 P. 2d 993;
People v. Painter (1963) 214
Cal. App. 2d 93, 97, 29 Cal. Rptr.
121.

P&A's

2)

An unnecessary delay in taking a defendant before a magistrate which is in violation of the requirements of the Penal Code is patently illegal. The fact that the delay is not unusual or that it makes the work of the police or the prosecution easier does not justify an unnecessary delay. The "48-hour" rule merely places an outer limit on what may be deemed a necessary delay in arraignment: an unnecessary delay is impermissible, even if

PCA.

1  It is the prosecuting attorney's
2  duty to see that the defendant
3  is afforded a fair trial. See/
4  People v. Anthony, 185 Cal. 152, 196 P.
5  47 (1921) (disapproved of on other
6  grounds by People v. Lucas, 16 Cal.
7  2d 178 (05) P. 2d 102, 130 A.L.R.
8  1485 (1940). People v. Bushnell, 44
9  Cal. 2d 16, 279 P.2d 744 (1955).
10     The prosecutor owes to the
11  defendant a duty to impose
12  as solemn as the obligation
13  he or she owes to the state to
14  perform his or her official
15  duties. See People v. Yokum, 118
16  Cal. 437, 50 P. 686 (1897); People v.
17  Tufts, 167 Cal. 266, 139 P. 51
18  (1914). A prosecuting officer is
19  the representative, not of an
20  ordinary party to a controversy,
21  but of a sovereignty whose
22  obligation to govern impartially
23  is as compelling as its obligation
24  to govern at all, and whose
25  interest in a criminal prosecution
26  is not that it shall win a case
27  but that justice shall be done.

1  SEE/ People v. Lyons, 47 Cal. 2d
2  311, 303 P. 2d 329 (1956);
3  People v. Hill, 17 Cal. 4th 800,
4  72 Cal. Rptr. 2d 656, 925 P.
5  2d 673 (1998). Some
6  allowance must be made for
7  the zeal that is the natural
8  result of a prosecution, but
9  the prosecutor should
10 remember that it is not
11 his or her sole duty to convict,
12 and that to use his or her
13 official position to obtain
14 a verdict by illegitimate
15 or unfair means to bring
16 its weight to bear and
17 bring the judicial arm of
18 the court into distrust. See
19 People v. McChuck, 78 Cal. 317,
20 20 P. 719 (1889); People v. Hill,
21 17 Cal. 4th 800, 72 Cal. Rptr. 2d
22 656, 932 P. 2d 673 (1998);
23 People v. Herring, 20 Cal. App.
24 4th 1066, 25 Cal. Rptr. 2d
25 213 (2d Dist. 1993). Thus, a
26 prosecutor is held to a stand-
27 ard higher than that im-
28 posed on other attorneys.

1  See People v. Hill, 17 Cal. 4th
2  800, 72 Cal. Rptr. 2d 656,
3  952 P. 2d 673 (1998).
4  People v. Vienne, 142 Cal. App.
5  2d 172, 297 P. 2d 1027
6  (3d Dist. 1956). He or She
7  must be as solicitous to
8  protect the defendants
9  rights to life and liberty
10 as must the judge presiding
11 at the trial. See People
12 v. Fong Sing 38 Cal. App. 253,
13 175 P. 911 (3d Dist. 1918)
14 and should not use the
15 powers vested in him as
16 not as an instrument of
17 persecution. See People
18 v. Haily 25 Cal. App. 342,
19 143 P. 803 (3d Dist. 1914).
20
21
22
23
24
25
26
27
28

# ADDENDUM

ENDORSED
FILED
ALAMEDA COUNTY

MAY 18 2007

CLERK OF THE SUPERIOR COURT
By _____ B. SMITH
Deputy

VIA PETITION
WRIT OF CORAM NOBIS
CASE # 519203.

PETITIONER / DEFENDANT
HEREBY SUBMITS THE
FOLLOWING POINTS &
SUPPORT OF IS NOW
DEFENDANT REQUESTING
THIS HONORABLE COURT
TO RELEASE ME ON MY
OWN RECOGNIZANCE OR
GRANT UNTO ME AN
REASONABLE BAIL IN
THE SUM OF $1,000.00
I AM ALSO FORMALLY
REQUEST THAT IN
SUPPORT OF THAT DEVICE
THIS COURT SHALL TAKE
JUDICIAL NOTICE OF
CASE # 14881 SEE/ WOOTS
ANN. Cal. EV. C. §§ 450-460.

VIA ANY AND ALL RELIABILITY DEMONSTRATED IN THE ABOVE-ENTITLED TRIAL COURT TOO & IN WORKING & BE TRIED IN THE AREA ALL OF LIFE — ? (AM) ALSO PRESENT & ENGAGED TO BE MARRIED.

POINTS & AUTHORITIES

2) PTS ANN. Cal. P.C. § 1272 ... to general appearance of bail is requisit to ... of ... See __ v. Cochran App. Dist. 1931, 112 Cal. App. 660, 297 P. 90 Bail People v. White (cite as: 213 Cal. App. 2d 171) [9] Crim. Law 160 ... 641.13 (1)

1  A COURT-APPOINTED
2  ATTORNEY'S FAILURE
3  TO PROVIDE ADEQUATE
4  REPRESENTATION MAY
5  BE TANTAMOUNT TO NO
6  REPRESENTATION BY
7  AN. U.S. C.A. 6th Amend
8  Frazer V. Garrison
9  61 F.3d 61 (4th Cir. 1979)
10 Judgment & Conviction
11 must be vacated when it
12 appears that a guilty
13 plea would not have
14 tendered if defendant
15 had been properly
16 advised. People v.
17 WHITE (crt. of al. 213 Cal.
18 Apr. 2d 171) [87 Crim. Law
19 Rev. 641.13(1) Right to
20 counsel is a right to
21 effective assistance &
22 includes qualitative
23 elements which are
24 not satisfied by mechanical
25 adherence to forms. ;
26
27
28

1 People v. R[illegible] (App. 2 Dist.
2 1961) lin Cal. Rptr. [illegible] 55
3 196 Cal. App. 2d 695 Cert.
4 denied 82 U.S. Ct. 1604 370
5 U.S. 964 8 L. ed. 2d 819.
6 Arrest [illegible] 70(2). Delay
7 in taking [illegible] defendant
8 before the magistrate does not
9 [illegible] found ground
10 for attack upon con-
11 viction absent showing [illegible]
12 prejudice [illegible] [illegible] there [illegible]
13 [illegible] subject to [illegible] the court is
14 disgraceful [illegible] open C.S 127,
15 supra 3) [illegible] A PROBATION
16 [illegible]ation hearing, how
17 much more so when the
18 court GRANT BAIL or
19 UNDER THE PRECEDENT
20 SITUATION
21 People v Garcia (App. 1959)
22 174 Cal. App. 2d 525, 344 P.
23 2d 855 Crim Law [illegible]
24 245. As a defendant
25

1  may waive his right to
2  prevent the introduct-
3  ion of illegally seized
4  evidence by refusing to
5  elect to no mail be
6  guilty to move to
7  quash the indictment
8  or information waive
9  the illegality of arrest
10  4th, 5th, 6th, 8th, & 14th
11
12
13  AMENDMENTS.
14
15
16
17
18
19  Mon Ornare A [signature]
20
21  APR. 30 2007
22
23  IN PRO SE
24
25
26
27

CACRIMPRAC § 38:28

3 Cal. Crim. Practice: Motions, Jury Instr. & Sent. § 38:28 (3d ed.)

California Criminal Practice: Motions, Jury Instructions and Sentencing
Current through the 2006 update

Edward A. Hucks and Mark E. Overland

Chapter 38. Trial Motions
VI. Judicial Notice

§ 38:28. Judicial Notice—Request

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF _____

PEOPLE OF THE STATE OF
CALIFORNIA,
Plaintiff,                          Case No.:
v.
_____                  NOTICE OF MOTION TO
Defendant                           _____
                                    Date: _____
                                    Time: _____
                                    Place: _____
                                    (JIS OR EPA)

TO THE DISTRICT ATTORNEY OF _____ COUNTY AND/OR
REPRESENTATIVE:

PLEASE TAKE NOTICE that on _____ (date), at the hour of
_____ or as soon thereafter as counsel may be heard in the Courtroom of the above-entitled
court, the (specify by C & ) that the court take judicial notice under
notice.]

THIS request for judicial notice will be based on this notice of motion and
memorandum of points and authorities served and filed herewith, on the
accompanying material constituting sufficient information to enable the court to
judicially notice the matter, and on all the papers and records on file in this
action, and on such oral and documentary evidence as may be presented at the
hearing of the motion.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

---

CACRIMPRAC § 38:28

3 Cal. Crim. Practice: Motions, Jury Instr. & Sent. § 38:28 (3d ed.)

Dated: _____

                          Attorney for Defendant

Authorities

                                              Notes

By C §§ 450-460

Commentary

Judicial notice is the recognition and acceptance by the court, for use by the
title of fact or by the court, of the existence of a matter of law or fact that is
relevant to an issue in the action without requiring formal proof of the matter.

Judicial notice is governed by Evidence Code §§ 450-460. Judicial notice may
not be taken of any matter unless it is authorized by these sections. (Ev C § 450)
The Evidence Code distinguishes between facts subject to compulsory notice (Ev C §
451) and to optional notice (Ev C § 452). The most commonly used judicial notice
material consist of the filed of the court or those of other courts.

Compulsory notice: Among the facts which must be noticed by the court are: "the
true significance of all English words and phrases and of all legal expressions"
(Ev C § 451); "facts and propositions of generalized knowledge that are so
universally known that they cannot reasonably be the subject of dispute" (Ev C §
451(f)).

Permissive notice: Among the facts of which the court may take notice under Ev
C § 452 are: (a) Records of (1) any court of this state or (2) any court of record
of the United States or of any state of the United States; (g) Facts and
propositions that are of such common knowledge within the territorial jurisdiction
of the court that they cannot reasonably be the subject of dispute; and (h) Facts
and propositions that are not reasonably subject to dispute and are capable of
immediate and accurate determination by resort to sources of reasonably
indisputable accuracy.

Request makes judicial notice mandatory: the court must take judicial notice of
any matter in Ev C § 452 when a party requests it, gives sufficient notice to the
adverse party, and furnishes the court with sufficient information to allow the
court to take judicial notice of the matter. (Ev C § 453)

Instructing the jury: If a matter judicially noticed is a matter which would

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1    VERIFICATION
2
3    VIA PETITION FOR
4    WRIT OF CORAM
5    NOBIS GERMAINE
6    ADDENDUM CASE #
7    S19203.
8
9
10
11
12
13
14
15    I declare under penalty
16    perjury that the
17    foregoing is true and
18    correct. This verificat—
19    on was executed on
20    APR. 30 2007, at Dublin,
21    California.
22
23    Mr. Duane A. Singleton
24
25    IN PRO SE
26
27

it is less than 48 hours.
SEE/ People v. Pottingill
(1978) 21 Cal. 3d 231,
242-243, 145 Cal. Rptr.
861, 578 P. 2d 108;
Youngblood v. Gates (1988)
200 Cal. App. 3d 1302, 1309,
246 Cal. Rptr. 775. A
delay of even a few
hours might be considered
unnecessary under some
circumstances. SEE/
People v. Haydel (1974) 12
Cal. 3d 190, 199, 115 Cal. Rptr.
394, 524 P. 2d 866. One
consideration which may
determine whether a

PGA's

delay is unnecessary, is whether the prosecution has the discretion to release the defendant from custody. Evaluating the supporting evidence will necessarily involve some delay in taking a defendant before a magistrate. The permissible length of delay, however, varies according to the circumstances of each case. No delay may be permitted for illegal investigatory activities. See Stanley v. P.O.H.

10.)

Justice Ct. (1976) 55 Cal. App. 3d
244, 250, 127 Cal. Rptr. 532;
People v. Lee (1970) 3 Cal. App.
3d 514, 521-522, 83 Cal.
Rptr. 715. Examples of
unnecessary delay include
delay from postarrest
follow-up investigations.
SEE: People v. Thompson
(1980) 27 Cal. 3d 303, 329,
165 Cal. Rptr. 289, 611 P.
2d 883, disapp'ed on other
grounds, People v. Daniels
(1991) 52 Cal. 3d 815,
856-858, 277 Cal. Rptr.
122, 802 P. 2d 906, Cert den.
502 U.S. 846, 112 S. Ct. 145

P & A's.

116 L.Ed.2d 111; Youngblood
v. Gates (1988) 200 Cal. App.
3d 1302, 1319, 246 Cal.
Rptr. 775, Scheduling
of delayed buses for
transportation of
detainees to and from
Court. Youngblood v.
Gates (1988) 200 Cal. App.
3d 1302, 1321, 246 Cal.
Rptr. 775, And delay
resulting from ———

P&A's.

1. inadequate police
2. resources. See/ Younsblood
3. V. GATES (SAME) as
4. above. When a delay in
5. taking a defendant (before
6. a magistrate is found to
7. be unnecessary or un-
8. reasonable and to have
9. violated the defendants
10. rights reversal of a
11. conviction is not re-
12. quired unless the arrested
13. person is able to show
14. that he or she was deprived
15. of a fair trial or other-
16. wise suffered prejudice

27. P. & A's

as a result of the wrongful delay. See People v. Pettison (1978) 21 Cal. 3d 231, 244, 145 Cal. Rptr. 861, 578 P. 2d 108. As officers of the court, attorneys at law must assist it in avoiding error. See Furlong v. White, 51 Cal. App. 265, 169 P. 903 (3d Dist. 1921); and they owe a duty of particular respect to court and judicial officers. See In re Philbrook, 105 Cal. 471, 38 P. 884 (1895); In re Shay, 160 Cal. 399, 117 P. 442 (1911); In re Humphrey, 174 Cal. 290, 163 P. 60 (1917);

P&A's

14.)

Lyons v. Sup. Ct. In and For
Los Angeles County, 43 Cal.
2d 755, 278 P. 2d 681 (1955);
People v. Massey, 137 Cal. App. 2d
623, 290 P. 2d 906 (2d Dist.
1965). Attorneys have an
obligation to respect the
administration of justice.
SEE Winick Corp. v. County
Sanitation Dist. No. 2, 185
Cal. App. 3d 1170, 230 Cal. Rptr.
289 (2d Dist. 1986). A criminal
defendant who claims misconduct
on the part of the prosecutor is
not required to show that the
prosecutor acted in bad faith.
SEE People v. Benson, 23 Cal. 3d
208, 152 Cal. Rptr. 141, 589 P. 2d
396 (1979). People v. Hill 17
Cal. 4th 800, 72 Cal. Rptr. 2d
656, 952 P. 2d 673 (1998).
The injury to the defendant
is nonetheless an injury when
committed inadvertently rather
than intentionally. SEE // (SAME)
People v. Benson & People v. Hill. People
v. Bradford, 15 Cal. 4th 1229, 65 Cal. Rptr. 2d
145, 939 P. 2d 259 (1997).

Westlaw

CCFORTS § 13:31
Cal. Civ. Prac. Torts § 13:31

California Civil Practice Torts
Database updated October 2006

Nancy Hersh, Esq., Ward Smith, Esq.

Chapter 13. False Imprisonment and False Arrest
Malin T. McLaughlin, J.D. [FNa0]

II. Issues Particular to False Arrest
C. Detention Following Arrest

Summary

§ 13:31. Delay in bringing before magistrate [Pen. Code § 825]

In general, a person who is arrested must be taken before a magistrate for arraignment without unnecessary delay, and in any event within 48 hours after his or her arrest, excluding Sundays and holidays. [Pen. Code § 825, subd. (A)(1)] When the 48 hours prescribed by Pen. Code § 825, subd. (A)(1) expire at a time when the court in which the magistrate sits is not in session, that time is extended to include the duration of the next regular court session on the judicial day immediately following. If the 48-hour period expires at a time when the court in which the magistrate is sitting is in session, the arraignment may take place at any time during that session. However, when the defendant's arrest occurs on a Wednesday after the conclusion of the day's regular court session, and provided that the Wednesday is not a court holiday, the defendant must be taken before the magistrate no later than the following Friday, provided that the Friday is not a court holiday. [Pen. Code § 825, subd. (A)(2)]

In cases based on unreasonable delay in bringing the plaintiff before a magistrate, the plaintiff need not plead the detention was without lawful authority. [Dragna v. White (1955) 45 Cal 2d 469, 289 P2d 428]

The United States Supreme Court recently held that a county's practice, under Pen. Code § 825, of combining probable cause determinations with its arraignment procedures did not comport fully with the constitutional requirement that a person arrested without a warrant be promptly brought before a neutral magistrate for a determination of probable cause. [County of Riverside v. McLaughlin (1991) 500 U.S. 44, 114 L. Ed. 2d 49, 111 S. Ct. 1661]

The Supreme Court held that although the Fourth Amendment does not require an immediate determination of probable cause upon completion of the administrative steps incident to arrest, a jurisdiction that chooses to combine probable cause determinations with other pretrial proceedings must do so as soon as is reasonably feasible, but in no event later than 48 hours after the arrest. In Riverside, the county's regular practice exceeded the constitutionally permissible 48-hour period because persons arrested on Thursdays might have to wait until the following Monday before receiving a probable cause determination, with an even longer delay if there was an intervening holiday.

Page 1

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

CCFORTS § 13:31
Cal. Civ. Prac. Torts § 13:31

The Supreme Court noted that even a hearing within 48 hours might violate the promptness requirement if the arrested individual can prove that his or her probable cause determination was delayed unreasonably. However, the Court noted that courts evaluating the reasonableness of a delay must allow a substantial degree of flexibility, taking into account the practical realities of pretrial procedures.

In addition, the Court held that where an arrested individual does not receive a probable cause determination within 48 hours, the burden of proof shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance, which cannot include intervening weekend or the fact that in a particular case it may take longer to consolidate pretrial proceedings. The Supreme Court also directed that the lower courts, on remand, must determine whether the county's practice regarding arrests occurring early in the week, in which arraignment usually take place on the last day possible, is supported by legitimate reasons or constitutes delay for delay's sake. [County of Riverside v. McLaughlin (1991) 500 U.S. 44, 114 L. Ed. 2d 49, 111 S. Ct. 1661]

Thus, the California Supreme Court has held that the Pen. Code § 825 does not authorize a two-day detention in all cases. Instead, a limit is placed on what may be considered a necessary delay. A detention of less than two days, if unreasonable under the circumstances, violates both the statute and the Constitution. [People v. Turner (1994) 8 Cal. 4th 137, 32 Cal. Rptr. 2d 762, 878 P.2d 521 (delay not unreasonable given complexity of case, which involved multiple murders, robbery, grand theft)]

[FNa0] This chapter was written in consultation with the Honorable Harvey A. Schneider, Judge of the Superior Court, Los Angeles County. He received his J.D. degree from the University of Southern California and was admitted to the California Bar in 1964.

© 2006 Thomson/West

CCFORTS § 13:31

END OF DOCUMENT

Page 2

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

01 (REV. 5/01)

# MANUEL COURTHOUSE
## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### CLERKS DOCKET AND MINUTES

DEPT. **110**  CRT. DATE/TIME **6/02/06  09:00**

NAME **SINGLETON, DUANE ANTHONY**  RPT. NO. **06039052**  DOCK NO. **519203**

LOC. **ATY&P**  CEN. **6233295**  PFN. **ALX572** A DAY **05/10/06**  SJ DATE **12/11/06**

COUNTS  PIC 00S00  AAG–OPD  ACITY OA

CHARGES  1)F11350(A) HS 3 PRS

STAT  SET BAIL  $30,000.00  **TOTAL DAYS IN CUSTODY:**  **7**

BAIL  STAT. ___ BOND DT. ___ BOND CO. ___ DOB **06/14/61**

BAIL  STAT. ___ BOND DT. ___ BOND CO. ___ BAC ___

RE/REST. ___ DATE PAID ___ REC. NO. ___ TIME WAIVED ___

### PROCEEDING

DCCO:

JUDGE **EVELIO GRILLO**  DEP. D.A. *Ann Canfield*

P. CLERK **BARBARA SMITH**  DEF. ATTY **GARY Shera**

REPORTER *Deanay Rangel #11324*  OTHERS ___  ☐ Not Present

Defendant:  ☒ Present  ☐ Not Present  ☐ Excused  ☒ In Custody  ☐ Pro Per
Interpreter ___ is present. Language spoken: ___
☐ Defendant duly arraigned/advised as to constitutional rights  ☐ Defendant waives arraignment  ☒ Waiver of Rights filed
Defendant served:  ☐ ___ Complaint  ☐ Discovery  ☐ Petition  ☐ Motion  ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender  ☐ Public Defender files conflict  ☐ Financially ineligible  ☐ Private counsel appointed
Plea Withdrawn  ☒ Change of Plea  ☒ Plea to count(s) ___ /  ☐ Not Guilty  ☐ Guilty  ☒ No Contest/Found Guilty
Stipulates to:  lesser included / reasonably related  offense of count(s) ___ to charge(s) ___
Time waived for:  ☐ Preliminary Examination ___ days  ☐ Trial  ☒ Sentence  ☐ Time not waived  ☐ Time waiver withdrawn
Clauses:  ☐ Stricken ___  ☐ Admitted ___  ☒ Sentencing Purposes Only
Priors:  ☒ Stricken ___  ☐ Admitted ___  ☐ Denied
Probation:  ☐ Conditional Sentence:  ☐ Granted for ___ years/months  ☐ See attached conditions
☐ Revoked  ☐ Restored  ☐ Modified  ☐ Extended to ___  ☐ Continue on same terms and conditions  ☐ Terminated
☐ Defendant admits probation violation  ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control ___
☐ No contact with / not to annoy ___, directly or indirectly: stay at least ___ away
Additional order(s): ___
Petition/Motion ___  ☐ Granted  ☐ Denied  ☐ Withdrawn
Referred to:  ☐ Probation Dept.  ☐ Financial Hearing Officer  ☐ ___
Restitution:  ☐ Referred to ___ for Determination  ☐ Ordered  ☐ Reserved  ☐ Modified
☐ Bail Forfeited  ☐ Bail Forfeiture Set Aside  ☐ Bail Reinstated  ☐ Bail Exonerated  ☐ Summary Judgment Entered
Bench Warrant:  ☐ Issued  ☐ Withheld  ☐ Withdrawn  ☐ Bail Set at $ ___  ☐ No Cite Release  ☐ Night Service

*Defendant waives pre-sentence probation dept.*
*Decl of Conflict filed by P.D. The Court accepts +*
*appoints Gary Shera U.*

CERT. ALAMEDA COUNTY SUPERIOR COURT
DEF. TO APPEAR IN DEPT. **108**
ON **6/5/06** AT **9:00** A.M.
BAIL SET AT **O.R.**

Date: **6/5/06**  Time: **0900**  Dept. **108**  Proc.: **R+S**  Date: ___ Time: ___ Dept. ___ Proc.: ___

PC/US Codes: ___

I (REV. 501)

RENE DAVIDSON COURTHOUSE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### CLERKS DOCKET AND MINUTES

| KET E | | DEPT. 108 | CRT. DATE/TIME | 6/05/06 | 09:00 |
|---|---|---|---|---|---|

VT    SINGLETON, DUANE ANTHONY    RPT. NO. 06039052    DOCK NO. S519203

| OC. | R&S | CEN. 6233295 | PFN. ALX572 | A DAY 05/10/06 | SJ DATE 12/12/06 |
|---|---|---|---|---|---|
| | COUNTS | | | AAG-DPD | ACITY OA |
| RGES | )F11350(A) HS | | | | |

STAT    OR    BAIL    $0.00    TOTAL DAYS IN CUSTODY:    8

| | STAT. | BOND DT. | BOND CO. | DOB 06/14/61 |
|---|---|---|---|---|
| | STAT. | BOND DT. | BOND CO. | BAC |
| E/REST. | DATE PAID | REC. NO. | TIME WAIVED | |

### PROCEEDING

DCCO:

GE    GLORIA RHYNES
. CLERK    ELENA PENA  D Spinks    DEP. D.A. B. Lowe
ORTER    N. Cunningham #9959    DEF. ATTY. B. Spencer
OTHERS  PO. Watts    ☐ Not Present

**fendant:** ☑ Present  ☐ Not Present  ☐ Excused  ☐ In Custody  ☐ Pro Per
Interpreter _____ is present. Language spoken: _____
Defendant duly arraigned/advised as to constitutional rights ☐ Defendant waives arraignment ☐ Waiver of Rights filed
Defendant served: ☐ _____ Complaint ☐ Discovery ☐ Petition ☐ Motion ☐ Protective Order (PC 136.2)
Referred to Public Defender ☐ Public Defender files conflict ☐ Financially ineligible ☐ Private counsel appointed
Plea Withdrawn ☐ Change of Plea ☐ Plea to count(s)_____ ☐ Not Guilty ☐ Guilty ☐ No Contest/Found Guilty
Stipulates to: lesser included / reasonably related offense of count(s)_____ to charge(s)_____
Time waived for: ☐ Preliminary Examination _____ days ☐ Trial ☐ Sentence ☐ Time not waived ☐ Time waiver withdrawn
**Clauses:** ☐ Stricken _____ ☐ Admitted_____ ☐ Sentencing Purposes Only
**Priors:** ☐ Stricken _____ ☐ Admitted_____ ☐ Denied
**Probation:** ☐ **Conditional Sentence:** ☐ Granted for_____years/months ☐ See attached conditions
☐ Revoked ☐ Restored ☐ Modified ☐ Extended to _____ ☐ Continue on same terms and conditions ☐ Terminated
Defendant admits probation violation ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
No contact with / not to annoy_____ directly or indirectly: stay at least _____ away
Additional order(s): S/A Correll Maxey B DOB 9/11/57
**Petition/Motion** _____ ☐ Granted ☐ Denied ☐ Withdrawn
Referred to: ☑ Probation Dept. ☐ Financial Hearing Officer ☑ Sentencing Report
stitution: ☐ Referred to _____ for Determination ☐ Ordered ☐ Reserved ☐ Modified
Bail Forfeited ☐ Bail Forfeiture Set Aside ☐ Bail Reinstated ☐ Bail Exonerated ☐ Summary Judgment Entered
**Bench Warrant:** ☐ Issued ☐ Withheld ☐ Withdrawn ☐ Bail Set at $_____ ☐ No Cite Release ☐ Night Service

Date: 6/6/06  Time: 9  Dept. 108  Proc. 36HG  Date: _____ Time: _____ Dept. _____ Proc.: _____
JS Codes: _____

(REV. 5/01)

# RENE DAVIDSON COURTHOUSE

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### CLERKS DOCKET AND MINUTES

DEPT. **108**    CRT. DATE/TIME **6/06/06    09:00**

**SINGLETON, DUANE ANTHONY**    RPT. NO. **06039052**    DOCK NO. **S519203**

36HG    CEN. **6233295**    PFN. **ALX572**    A DAY **05/10/06**    SJ DATE **12/13/06**

COUNTS    AAG-OPD    ACITY OA

ARGES )F11350(A) HS

T OR  BAIL    **$0.00**    TOTAL DAYS IN CUSTODY:    8    DOB **06/14/61**

STAT. _____ BOND DT. _____ BOND CO. _____
STAT. _____ BOND DT. _____ BOND CO. _____ BAC _____
DATE PAID _____ REC. NO. _____ TIME WAIVED _____

### PROCEEDING

GE    **GLORIA RHYNES** *Spinks*    DEP. D.A. *B. Lowe*    DCCO:
CLERK    **ELENA PENA** *Spinks*    DEF. ATTY. *G. Shearer*
PORTER    *K. Mangels #1259*    OTHERS *PO. White*    ☒ Not Present

Defendant:  ☒ Present  ☐ Not Present  ☐ Excused  ☐ In Custody  ☐ Pro Per
☐ Interpreter _____ is present. Language spoken: _____
☐ Defendant duly arraigned/advised as to constitutional rights  ☐ Defendant waives arraignment  ☐ Waiver of Rights filed
☐ Defendant served:  ☐ _____ Complaint  ☐ Discovery  ☐ Petition  ☐ Motion  ☐ Protective Order (PC 136.2)
☐ Referred to Public Defender  ☐ Public Defender files conflict  ☐ Financially ineligible  ☐ Private counsel appointed
☐ Plea Withdrawn  ☐ Change of Plea  ☐ Plea to count(s)_____  ☐ Not Guilty  ☐ Guilty  ☐ No Contest/Found Guilty
☐ Stipulates  lesser included / reasonably related  offense of count(s)_____ to charge(s)_____
☐ Time waived for:  ☐ Preliminary Examination ____days  ☐ Trial  ☐ Sentence  ☐ Time not waived  ☐ Time waiver withdrawn
☐ Clauses:  ☐ Stricken _____  ☐ Admitted _____  ☐ Sentencing Purposes Only
☐ Priors:  ☐ Stricken _____  ☐ Admitted_____  ☐ Denied
☐ Probation:  ☐ Conditional Sentence:  ☒ Granted for___3___years/months  ☐ See attached conditions
☐ Revoked  ☐ Restored  ☐ Modified  ☐ Extended to _____  ☐ Continue on same terms and conditions  ☐ Terminated
☐ Defendant admits probation violation  ☐ Previous order revoking probation vacated, set aside, defendant restored to probation
☐ Submit to search and seizure of person, residence, vehicle or any property under defendant's control _____
☐ No contact with / not to annoy _____, directly or indirectly: stay at least _____ away
☐ Additional order(s): *TD Reg pnrs to 11590 HS*
☐ Petition/Motion _____  ☐ Granted  ☐ Denied  ☐ Withdrawn
☐ Referred to:  ☐ Probation Dept.  ☐ Financial Hearing Officer
Restitution:  ☐ Referred to _____ for Determination  ☐ Ordered  ☐ Reserved  ☐ Modified
☐ Bail Forfeited  ☐ Bail Forfeiture Set Aside  ☐ Bail Reinstated  ☐ Bail Exonerated  ☐ Summary Judgment Entered
☐ Bench Warrant:  ☐ Issued  ☐ Withheld  ☐ Withdrawn  ☐ Bail Set at $_____  ☐ No Cite Release  ☐ Night Service

EL Nunc Pro Tunc minutes of 6/5/06 - placed on 3yrs Summ. Prob.
m & cond prtbation imposed. & A from Contidl Maxey DOB 9/11/57
Aty was excused for today Master Court

Date: **6/14/06**  Time: **9**  Dept. **108**  Proc. **30PR**    Date: **6/4/09** Time: **9** Dept. **108** Proc. **TRMPP**
    **6/4/09    9    108    PDCD**

PUS Codes: _____



EXHIBIT

A

(i.e., VERIFICATION VIA OUT-
standing minute order, &
sentencing transcripts.)

VERIFICATION

I, D.A. SINGLETON, am the petitioner in the above-entitled proceedings. I have read the petition and know its contents: ALBEIT, W/O THE MISSING DOCUMENTS i.e., minute order, & sentencing transcripts. I DID PERSONALLY REQUEST COPIES OF SAME FROM THE GERMANE ESQ. ONE GARY L. SHARRER, AS OF THIS WRITING AM I/AO NO AVAIL.

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on MAR. 30 2007, at Dublin, California.

Mr. Duane A. Singleton

IN PRO SE

FILED

ALAMEDA COUNTY

NOV 7 2006

CLERK OF THE SUPERIOR COURT

By _____

Deputy

ORIGINAL

1

2

3

4          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

5              IN AND FOR THE COUNTY OF ALAMEDA

6                 WILEY W. MANUEL COURTHOUSE

7         BEFORE THE HONORABLE EVELIO GRILLO, JUDGE

8                  DEPARTMENT NUMBER 110

9                       ---oOo---

10
    THE PEOPLE OF THE STATE       )
11  OF CALIFORNIA,                )
                                  )
12              Plaintiff,        )
                                  )
13          Vs.                   )    No. 519203
                                  )
14  DWAYNE SINGLETON,             )
                                  )
15              Defendant.        )
    _____)

16           REPORTER'S TRANSCRIPT OF PROCEEDINGS
                     CHANGE OF PLEA
17

18
                 WILEY W. MANUEL COURTHOUSE
19                  OAKLAND, CALIFORNIA

20
                      JUNE 2, 2006
21

22               A P P E A R A N C E S:

23

24  FOR THE PEOPLE:          ANN KENFIELD
                             DEPUTY DISTRICT ATTORNEY
25

26  FOR THE DEFENDANT:       GARY SCHERRER
                             DEPUTY PUBLIC DEFENDER
27

28        REPORTED BY:  DEANA RANGEL, CSR #11324

1

```
 1  JUNE 2, 2006

 2                      ---oOo---

 3                 P R O C E E D I N G S

 4                      ---oOo---

 5

 6       THE COURT:  On People V. Singleton, may I have your

 7  appearances?

 8            MS. KENFIELD:  Ann Kenfield.

 9            MR. SCHERRER:  Gary Scherrer appearing with and for

10  Dwayne Singleton who is presently in custody.

11            THE COURT:  Good morning, Mr. Singleton.

12            THE DEFENDANT:  Good morning.

13            THE COURT:  Okay.  First thing I have a is

14  declaration of conflict of interest from the public

15  defender, so I am going to appoint you, Mr. Scherrer, as

16  conflict counsel for Mr. Singleton.

17            MR. SCHERRER:  I would accept that appointment at

18  this time, your Honor.

19            THE COURT:  I have signed the order.  On this case I

20  understand that there is a negotiated disposition?

21            MR. SCHERRER:  That's correct.

22            MS. KENFIELD:  Yes, your Honor.

23            THE COURT:  Is Dwayne Anthony Singleton your true

24  name?

25            THE DEFENDANT:  Yes.

26            THE COURT:  Who is going to state the terms?

27            MS. KENFIELD:  I will.

28            THE COURT:  Okay.  Mr. Singleton, the District
```

1  Attorney is going to state the terms of your plea agreement.
2  I want you to listen very carefully then after she states
3  those terms I'm going to ask you a few questions.

4         MS. KENFIELD:   Thank you, your Honor.   It's my
5  understanding that Mr. Singleton will be entering a plea to
6  the sole count charged in the complaint, a violation of
7  Health and Safety Code 11350(a), a felony.   That offense
8  carries a state prison sentencing range of 16 months, two or
9  three years in state prison.   Mr. Singleton is eligible for
10  probation pursuant to Prop 36, and it's my understanding he
11  desires to take advantage of those services.   Is that
12  correct, Mr. Singleton?

13         THE DEFENDANT:   Yes, absolutely, on an outpatient
14  program.

15         MS. KENFIELD:   Proposition 36 is a drug treatment
16  program and the gamut of services is both inpatient and
17  outpatient depending upon the assessment that the Behavioral
18  Health care assessors determine is the appropriate treatment
19  for Mr. Singleton.

20         He would therefore be placed on -- he would be
21  waiving time for sentence and waiving a pre sentence
22  probation report.   And upon the Court's acceptance of the
23  plea in this matter he would be summarily placed on three
24  years formal felony probation pursuant to Prop 36.

25         THE COURT:   Hold on.   You can waive time for
26  sentencing, waive a probation report?

27         MS. KENFIELD:   Waive a pre sentence probation
28  report.

1       THE COURT:  Okay.

2       MS. KENFIELD:  And this court today would summarily

3  place him on three years formal felony probation.  This

4  court would impose limited terms, specifically this court

5  would order DNA samples pursuant to 296, impose a four-way

6  search clause, that is a search of the defendant's

7  residence, person, personal property and vehicle under his

8  control by a peace officer probation officer any time day or

9  night with or without a warrant with or without probable

10  cause.

11      The Court would impose the condition that he be in

12  Department 108 on Monday morning at 9:00 a.m. for interview

13  with the Behavioral Health care associates and assessment,

14  and he would be ordered to cooperate with the drug treatment

15  as ordered by the Court.

16      Mr. Singleton would agree to have an additional

17  condition imposed at that time.  At that time he would also

18  be referred to the probation department for a probation

19  report and a drug treatment program.  And when the probation

20  report comes back he would agree that the judge could at

21  that point impose still additional conditions.

22      THE COURT:  Okay.  So he's going to agree to have

23  additional terms imposed at what point?

24      MS. KENFIELD:  Both on Monday and after the receipt

25  of the probation report.

26      THE COURT:  Okay.

27      MS. KENFIELD:  There would be a fine in the amount

28  of between $200 and $10,000, and the amount of that fine

4

1 does take into account the defendant's ability to pay.
2 There would be a probation administration and parole
3 administration fund fine that would be stayed pending the
4 defendant's performance on probation.

5          THE COURT:  Okay.  So the $200 to $10,000 is a
6 restitution fund fine?

7          MS. KENFIELD:  Yes.

8          THE COURT:  And the other one you are saying he was
9 going to have imposed on him?

10          MS. KENFIELD:  It's called a probation/parole
11 administration fine, and that any payments on that is stayed
12 so long as Mr. Singleton on the is performing well on
13 probation.

14          Something else Mr. Singleton needs to understand.
15 If he does not successfully complete Proposition 36
16 probation and he violates his probation to such an extent
17 that he is sentenced to state prison he would be released
18 after he serves his time on parole.  Parole can last up to
19 five years, and upon a parole violation you can be returned
20 to state prison for up to one-year for each violation.

21          I think that covers it.  In addition, Mr. Singleton
22 has three prior convictions.  The priors would be stricken
23 for purposes of sentencing only.  It's my understanding that
24 there is a traffic matter pending as well, and that matter
25 will be dismissed.

26          THE COURT:  Do you have a docket number on the
27 traffic matter?

28          MS. KENFIELD:  We have the CEN number, 6237194.

5

1    THE COURT:  Did you hear everything that the
2   District Attorney said?

3        THE DEFENDANT:  Yes.

4        THE COURT:  Okay.  Now, do you understand that if
5   it's determined -- if at some point it's determined that you
6   aren't eligible for Proposition 36 that you have a right to
7   withdraw your plea and resume defenses of the charges
8   against you.  Do you understand that?

9        THE DEFENDANT:  I do have that right.

10       MS. KENFIELD:  No, that's not part of the plea, your
11  Honor, if he rejects services pursuant to Proposition 36.

12       THE COURT:  No, I'm not saying that.  I'm saying if
13  independently it was determined that, say, the District
14  Attorney came back and said, oh no, he's not really
15  eligible.

16       MS. KENFIELD:  He is eligible.

17       THE COURT:  I understand that.  I've got waivers
18  that I am supposed to read into the record, because if I
19  don't take his waiver in open court and it is later
20  determined that he's not eligible for Proposition 36 and I
21  have not told him this, then I get appealed.

22       MS. KENFIELD:  Okay.

23       THE COURT:  Do you understand that if it was
24  determined if someone, either the District Attorney or
25  someone else was later to determine that you were not
26  eligible for Proposition 36 you could withdraw your plea and
27  resume defense on the charges set forth in the complaint.
28  Do you understand that?

1            THE DEFENDANT:  Could I get you to clarify what you
2    mean?

3            THE COURT:  Yes.  Right now the District Attorney
4    attorney and your counsel and the Court believes that you
5    are eligible for Proposition 36 and we are going to sentence
6    you under Proposition 36; do you understand that?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Now, if for some reason it was later
9    determined that you weren't eligible, for example, the Court
10   made a mistake, the District Attorney or your attorney made
11   a mistake and you weren't really eligible, you would have a
12   right to withdraw your plea and defend on the charges.  Do
13   you understand that?

14           THE DEFENDANT:  Yes.

15           THE COURT:  Now, the Court is going to impose drug
16   treatment as a condition of probation in a manner and a
17   level that the Court or the probation department deems
18   appropriate.  This would be based in part on the risk
19   assessment that the District Attorney described on the
20   record.  It will be performed -- who is the name of the
21   provider?

22           MS. KENFIELD:  This is the Behavioral Health care
23   specialists that are assigned to Department 108.

24           THE COURT:  It will be done by the Behavioral Health
25   care specialists.  Your treatment may last up to one year
26   and may consist of outpatient residential treatment,
27   narcotic replacement therapy, drug education or prevention
28   courses or some combination thereof.

1        The Court can also require participation in
2    vocational training, family counseling, literacy training
3    and community service as a further condition of probation.
4    The Court can alter the intensity of treatment as may be
5    appropriate.

6        Treatment ordered by the Court may be followed by up
7    to six months of additional aftercare as the Court or
8    probation department find appropriate.

9        The Court may also require you to contribute to the
10   cost of your treatment to the extent you are able to do so.
11   Do you understand that?

12            THE DEFENDANT:  Yes, sir.

13            THE COURT:  You may also be required to submit to
14   random drug testing, to refrain from the use of alcohol or
15   illegal drugs, to refrain from being at known drug areas or
16   being present at any place where illegal drugs are used as
17   another term of probation.  Do you understand that?

18            THE DEFENDANT:  Yes.

19            THE COURT:  Although Proposition 36 prohibits
20   incarceration as a condition of probation, you may be
21   incarcerated for up to the maximum penalty of the charge
22   that you are pleading guilty to which is sixteen months to
23   three years if you fail to complete the requirements of your
24   drug program or you otherwise violate the terms of your
25   probation.  Do you understand that?

26            THE DEFENDANT:  Did you say sixteen months to three
27   years?

28            THE COURT:  Yes.  Sixteen months up to three years.

 1  That is the exposure, is that correct, counsel?

 2          MS. KENFIELD:  Yes.

 3          MR. SCHERRER:  Let me explain it to him.

 4          (Brief pause.)

 5          MR. SCHERRER:  Thank you, your Honor.

 6          THE DEFENDANT:  Formal probation, that means that I

 7  has a probation officer?

 8          THE COURT:  Yes.  You will have a probation officer.

 9          THE DEFENDANT:  That's good, that's good.  I would

10  like to get some assistance in that.

11          THE COURT:  All right.  Now if you successfully

12  complete your probation you can petition the Court for

13  dismissal of the charges when you complete your probation.

14  If that happens and the Court finds you have successfully

15  completed your drug treatment and substantially complied

16  with the conditions of probation your conviction will be set

17  aside and the case will be dismissed.

18          In that event you would be released from all

19  penalties and disabilities under California law resulting

20  from the conviction, except you would not be permitted to

21  own, posses, or have in your custody or control any

22  concealable firearm and you would be subject to prosecution

23  for such acts; do you understand that?

24          THE DEFENDANT:  Yes.

25          THE COURT:  In addition, if you are successful when

26  you complete this program you could deny in response to any

27  question concerning your prior criminal record that you were

28  arrested for or convicted of the offense except that you

```
 1  would have to disclose the arrest or conviction in any
 2  questionnaire or application for public office, for a
 3  position as a peace officer, for licensing by the state or
 4  local agency, or for contract work with the California state
 5  lottery or for the purpose of serving on a jury; do you
 6  understand that?
 7           THE DEFENDANT:  Yes, sir.
 8           THE COURT:  You have heard the plea that the
 9  District Attorney described.  Do you have any questions on
10  that?
11           THE DEFENDANT:  Well, my only problem would be I'm
12  not going to be able to do in-home treatment, residential
13  treatment.  I can do as much outpatient treatment as they
14  would like for me to do, and I do like -- I like the idea of
15  me having a formal probation officer because that could
16  possibly help me get jobs and secure identification and
17  things of this nature as opposed to me just being on court
18  probation where it's just dealing with the Court.
19           THE COURT:  Okay.  That's not part of the deal, and
20  I can't guarantee that you won't be ordered to go to
21  residential treatment.
22           THE DEFENDANT:  Right now I have too many
23  responsibilities.  I have a father who has Alzheimers, I'm
24  in the process of getting married, I have a fiance that I'm
25  engaged to.  As a matter of fact, I was in your very
26  court -- I had the green suit on and the green hat -- named
27  Booker.  I was in your very court about a week and a half or
28  so ago sitting in the audience in that regard for her.
```

1        THE COURT:  Hold on for just a minute.  I'm not sure
2  what I should do with this.  It would seem to me that we
3  should go forward with the plea.  If he does not want to
4  take, if the assessment says he needs residential treatment
5  and he says he's not willing to do that then I think it has
6  to go back to square one.

7        MS. KENFIELD:  If that is the case, your Honor, my
8  concern is that if he's pleading to Proposition 36 that
9  means he's pleading to drug treatment in the manner in which
10 they deem appropriate for his situation.  If he says, "I'm
11 only going to do this part of Prop 36, and if they give me
12 residential treatment I'm going to reject the services
13 pursuant to Prop 36," I would oppose the concept that he
14 would be allowed to withdraw his plea at that point because
15 he will have already been released from custody pursuant to
16 the plea.

17        THE COURT:  I'll make it real simple.  If -- I can't
18 make it simple, I'm going to have to think about this a
19 little bit actually.  But it seems to me that if the
20 position of the District Attorney's office is that he will
21 not have the option of withdrawing his plea if he's assigned
22 to residential, then I really shouldn't be taking his plea
23 at all today.

24        MS. KENFIELD:  I think that's the concern I have.

25        THE COURT:  Because what you are telling me is if
26 he's assigned to residential that's a violation and then he
27 gets a felony charge, right?

28        MS. KENFIELD:  Well, if he's assigned --

```
 1          THE COURT:  I'm just not trying to cut you off,
 2 counsel, but I'm just -- I'm very glad now that we didn't
 3 take a rushed plea yesterday afternoon, because this is
 4 precisely the type of thing that I have concerns about.
 5          I'm not saying that the District Attorney is being
 6 unreasonable, I'm just trying to be clear as to what's
 7 happened so I can properly advise Mr. Singleton.
 8          What's going to happen if he goes to Proposition 36
 9 and he's assigned residential treatment and he says, "I'm
10 not going to take it because I'm getting married or my
11 father has Alzheimer's or I don't want to for whatever
12 reason."  That would be a violation of his probation, right?
13          MS. KENFIELD:  Yes.
14          THE COURT:  And if he violates his probation then he
15 gets violated, he comes back to a judge and he can be
16 sentenced for up to three years for state prison, right?
17          MS. KENFIELD:  Remotely, yes.
18          THE COURT:  Well --
19          MS. KENFIELD:  That is a possibility, yes.  And
20 that's because he is choosing at that point not to
21 participate in Proposition 36.  The plea with the summary
22 probation and being placed on Proposition 36 is he's
23 choosing to accept Proposition 36, he's choosing to accept
24 the drug treatment.
25          Now, because it is a summary placement and because
26 of the statutory constructs of Proposition 36 the normal
27 presentencing interview does not take place.  He's released
28 as a sentenced individual today.
```

12

1         THE COURT:  I understand that.

2         MS. KENFIELD:  And my concern listening to Mr.
3  Singleton is that he's not truly accepting probation under
4  Proposition 36.  He's using Proposition 36 to get out of
5  custody today and saying, "I will only accept this part of
6  the deal."  Never mind the fact that he may need more
7  intensive treatment.

8         THE COURT:  I understand your concern.  You need to
9  understand my concern, and that is that if I accept this
10  plea today and he walks out of here it will be a knowing,
11  intelligent and voluntary plea.

12         MS. KENFIELD:  Absolutely.  And I totally agree with
13  the action that the Court is taking.  My concern is I'm not
14  sure based on Mr. Singleton's statements that he's truly
15  accepting probation pursuant to Prop 36.  In which case,
16  he's not accepting Prop 36 probation and this procedure
17  wouldn't be appropriate.

18         THE COURT:  Okay.  I want you to go talk to your
19  client a little bit more, because I'm not convinced that if
20  I were to accept this plea with the caveat that Mr.
21  Singleton has made that it would be a knowing, intelligent
22  and voluntary one.  And if I do accept it I only accept it
23  after Mr. Singleton clearly to me understands that as you
24  sit here today you don't have the option of saying, "I will
25  take this treatment but not the other treatment."

26         THE DEFENDANT:  I don't have that option is what you
27  are saying?

28         THE COURT:  That's exactly what I'm saying.  I want

1 you to go talk to your attorney just so that you're real
2 clear on it.

3      What I'm trying to explain to you is that -- let me
4 give you a hypothetical. Let's say you took the plea, the
5 plea was taken today and you walked out of here and then
6 your father's Alzheimers got worse and -- is your mother
7 still alive?

8      THE DEFENDANT: My mother is deceased.

9      THE COURT: Okay. Some other relatives had health
10 problems, and just a lot of personal things started
11 happening which made it in your mind impossible for you to
12 do residential treatment but your assessment said that you
13 had to do a residential treatment. If at that point not
14 withstanding these terrible, terrible personal tragedies and
15 the significant personal obligations that you had, if not
16 withstanding all of that you said, "I'm not going to do it
17 because I have all these personal obligations," you would
18 have violated your parole, you would be subject to going
19 back to prison for up to three years and that would be the
20 end of Prop 36.

21      So Proposition 36 -- your attorney is going to take
22 you aside and explain that to you so that you have a full
23 understanding of that. I don't want you walking out of here
24 thinking that you can take outpatient treatment and not
25 residential treatment. Because if when you go to Department
26 108 the assessment is done and they say you need residential
27 or if they said you can do outpatient, but as your treatment
28 progressed over the course of the next year it was later

 1  determined that the outpatient wasn't working and you needed
 2  residential -- and correct me if I'm wrong, counsel -- the
 3  recommendation was made that you go into residential
 4  treatment six or nine months down the road and you didn't do
 5  it you would be in violation of your probation.
 6          THE DEFENDANT:  Proposition 36, was to my
 7  understanding it was like three strikes you out or something
 8  like that.  It was to my understanding that the very first
 9  mishap that one had they wasn't necessarily --
10          THE COURT:  Let me explain something about that to
11  you, too.
12          THE DEFENDANT:  Thank you.
13          THE COURT:  When I'm advising you of your rights I
14  can't deal with evaluating the probabilities or the
15  possibilities of what might happen.  I have to tell you what
16  your maximum legal exposure is, because otherwise I'm not
17  doing my job as a judge.
18          THE DEFENDANT:  Okay.
19          THE COURT:  I want you to go talk to your attorney.
20  Remember last night you felt bad because I didn't want to
21  send you home immediately and I said I'm not going to have a
22  chance to advise Mr. Singleton of his rights, this is why I
23  wanted you to come back precisely for this reason.
24          THE DEFENDANT:  Do allow me to say this, you just
25  made the point I can talk to my attorney, but that would be
26  like repetitive.  You have just made it absolutely clear to
27  me that in the event these people tell me that I have to go
28  to a live in program then I place myself in such jeopardy as

1 violating the probation.  With that in mind and with me
2 totally understanding that I still wish to make this plea.
3      THE COURT:  I appreciate that.  One of the questions
4 I'm going to ask you is have you had an opportunity to
5 discuss it with your attorney and have you discussed it with
6 your attorney.  I'm going to give you a couple of minutes to
7 do that, so when I ask you that question you can truthfully
8 say yes you have.  So if this should go up to the court of
9 the appeal instead of the Court of appeal saying Judge
10 Grillo didn't do his job, saying did he ask the defendant if
11 he had an opportunity to discuss it because he just took the
12 plea and get reversed, they will say he had the defendant
13 take an opportunity to discuss it and he did that.
14           (Brief pause in proceedings.)
15      THE COURT:  Mr. Singleton, you have now had a chance
16 to discuss with your attorney this issue regarding what type
17 of drug treatment you would accept, correct?
18      THE DEFENDANT:  Uh-huh.
19      THE COURT:  And do you now understand that you are
20 required if you take Proposition 36 to accept and
21 successfully complete any drug treatment that is recommended
22 to you by the probation department or the risk assessor; do
23 you understand that?
24      THE DEFENDANT:  Yes.
25      THE COURT:  Are you willing to go forward with the
26 plea given that understanding?
27      THE DEFENDANT:  Yes.
28      THE COURT:  All right.  Before I accept, before I go

```
 1  any further on this I want to tell you what rights you have
 2  just so you're clear on that.
 3          If you didn't take this plea, you understand that
 4  you would have a right to a jury trial, correct?
 5          THE DEFENDANT:  Yes.
 6          THE COURT:  At your trial you have a right to see
 7  and hear the witnesses against you, to testify under oath
 8  and allow your attorney to question those witnesses.  Do you
 9  understand that?
10          THE DEFENDANT:  Yes.
11          THE COURT:  You also understand that at the trial
12  you could choose not to testify and remain silent and not
13  incriminate yourself.
14          THE DEFENDANT:  Yes.
15          THE COURT:  You also understand that you have a
16  right to present a defense which would include testifying on
17  your own behalf, presenting witnesses and evidence, using
18  the Court's subpoena power to bring witnesses at the trial;
19  do you understand that?
20          THE DEFENDANT:  Yes.
21          THE COURT:  Do you also understand that if you
22  didn't do this plea agreement you have a right to a
23  preliminary hearing to determine that there's probable cause
24  to believe that a felony has been committed and you are the
25  person that committed the crime.  And at the preliminary
26  hearing you have the same rights that I just explained to
27  you except the right to have the matter heard by a jury; do
28  you understand that?
```

```
 1              THE DEFENDANT:  Yes.

 2              THE COURT:  Do you understand that by accepting

 3  Proposition 36 and pleading this will be a guilty plea to

 4  the charge, is that correct?

 5              MR. SCHERRER:  I indicated no contest.

 6              THE COURT:  By pleading no contest you are giving up

 7  these rights, and in fact you are incriminating yourself by

 8  pleading guilty to these charges; do you understand that?

 9              THE DEFENDANT:  Yes.

10              THE COURT:  Have you had a chance to discuss your

11  case and the defense of your case with your attorney?

12              THE DEFENDANT:  Yes.

13              THE COURT:  And do you understand each of the rights

14  that I have explained to you?

15              THE DEFENDANT:  Yes.

16              THE COURT:  And you are willing to waive and give up

17  these rights; is that correct?

18              THE DEFENDANT:  Yes.

19              THE COURT:  Okay.  Now as a direct consequence of

20  the plea you are going to plead guilty to one count of

21  Health and Safety Code Section 11350(a), a felony.  You will

22  be placed on probation, formal probation under Proposition

23  36.  You will be waiving your time for sentencing.  You will

24  be waiving a pre sentencing probation report.  Your

25  probation period will be three years formal probation.

26              You will be required to give a DNA sample, blood and

27  saliva sample pursuant to Penal Code 296; do you understand

28  that?
```

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you also understand that you will be
3   subject to a four way search clause, which means during the
4   period of your probation you, your property, any automobiles
5   under your control and your place of residence can be
6   searched with or without probable cause, with or without a
7   warrant, day or night, by any police, probation parole or
8   other peace officer of the state of California?

9          THE DEFENDANT:  Yes.

10         THE COURT:  You will also have to appear in
11  Department 108 on Monday, June 5th, 2006, for an interview
12  and an assessment.

13         As one of the terms of your probation you will be
14  required to cooperate with your drug treatment and you agree
15  to have additional terms imposed on your treatment and your
16  probation on Monday in Department 108 and by the Court after
17  receipt of the probation report.  Do you understand that?

18         THE DEFENDANT:  Yes.

19         THE COURT:  You will also be required to pay
20  restitution fund fine of between $200 and $10,000 subject to
21  your ability to pay, a court security fund fine of $20, and
22  you will be liable for a probation/parole administrative
23  fine in an amount to be determined.  But that fine will be
24  stayed if you were performing satisfactorily on your
25  probation.  Do you understand that?

26         THE DEFENDANT:  What do you mean, that entirety of
27  what I cannot afford to pay or are you speaking to the last
28  phase that you just spoke of?

19

1        THE COURT:  I'm not sure what your question is.

2        THE DEFENDANT:  Are you speaking of from the $200 to

3   the $10,000, et. al, or the end of it.

4        THE COURT:  The $200 to $10,000 is subject to your

5   ability to pay.

6        THE DEFENDANT:  Well, I don't have ability to pay.

7        THE COURT:  Well then it's going to be $200, that's

8   the minimum.  The court security fine is $20, you have to

9   pay that.  The probation parole administrative fine will be

10  paid only if you are not performing satisfactory on your

11  probation.  In other words, as long as you are with the

12  program and doing what you are supposed to do you don't have

13  to pay that.  But if you don't perform satisfactorily on

14  your probation then there would be a fine imposed.  Do you

15  understand that?

16        THE DEFENDANT:  Okay.

17        THE COURT:  Now, in the event that you violate your

18  probation you could be sent back to state prison for a

19  period of from sixteen months to three years.  In the event

20  you are sent back to state prison and you are released on

21  parole you could be subject to up to five years of parole.

22  If you violate that parole you could be sentenced for up to

23  one year for each parole violation.  Do you understand that?

24        THE DEFENDANT:  Parole lasts for five years?

25        THE COURT:  On this it could last for up to five

26  years.

27        MR. SCHERRER:  Only after you went to prison.

28        THE COURT:  Only if you go to prison.  If you go to

1  prison and they decide to parole you as a condition to you
2  getting out they can say we're putting you on parole for
3  five years.  If you wanted to get out you would have to
4  accept that condition.

5      Once you are out on parole if you violate it for
6  each violation you can go back to prison for one year.  Do
7  you understand that?

8      THE DEFENDANT:  Yeah.  Parole is not three years any
9  more, it's four years?

10      MR. SCHERRER:  They've changed it.

11      THE COURT:  You can get a longer parole term than
12  your sentence.  You can choose to stay in prison and serve
13  out your sentence.

14      THE DEFENDANT:  They don't let you do that.

15      THE COURT:  All right.  Well, you are telling me
16  something I don't know.  You don't have to take parole.  Now
17  your prior convictions are going to be stricken for the
18  purposes of sentencing and your traffic case under the same
19  of CEN number 6237194 will be dismissed.  Do you understand
20  that?

21      THE DEFENDANT:  Okay.  I have one other matter you
22  might be kind enough to clear up.

23      THE COURT:  Let me ask you if you understand what I
24  just said first.

25      THE DEFENDANT:  Yes.

26      THE COURT:  Okay.  Let me ask a couple of questions,
27  couple more questions, then I'm going to ask you if you have
28  any questions.

1            Now, do you understand that your plea is the same as

2   a guilty plea and that you are being found guilty as part of

3   this plea agreement?

4            THE DEFENDANT:  Yes.

5            THE COURT:  Is there a factual basis for the plea?

6            MR. SCHERRER:  So stipulated based upon the contents

7   of the police report provided.

8            MS. KENFIELD:  Yes.

9            THE DEFENDANT:  Contents of the police report, I

10  have not read the police report.

11           MR. SCHERRER:  He's not asking you, he's asking me

12  if I believe there's a factual basis for the plea.  And I'm

13  telling him there is based upon the police report.

14           THE COURT:  I'm going to ask you in a minute if you

15  have any questions, sir.  Last thing, I have something here

16  in my hand it's a green sheet of paper called a waiver on

17  plea of guilty no contest felony.  Do you see that?

18           THE DEFENDANT:  Uh-huh.

19           THE COURT:  That purports to have your signature on

20  it.  Is that your signature?

21           THE DEFENDANT:  Yes.

22           THE COURT:  There are fifteen boxes, each of them

23  have the initials DAS in them other than box 11.  Are those

24  your initials in each of those boxes?

25           THE DEFENDANT:  Yes.

26           THE COURT:  Before you signed this document and

27  initialed each of the boxes did you have a chance to talk to

28  your attorney about it?

1          THE DEFENDANT:   Yes.

2          THE COURT:   Now do you have any questions before I

3  finish here?

4          THE DEFENDANT:   No, I've changed my mind.   None at

5  all.

6          THE COURT:   You had a question a minute ago?

7          THE DEFENDANT:   Never mind.

8          THE COURT:   All right.   The Court finds that the

9  defendant has knowingly, intelligently, and voluntarily

10  waived his Constitutional rights.   The Court further finds

11  that the defendant has freely entered into a conditional

12  plea of no contest with an understanding of the consequences

13  of the plea.

14          The Court finds that there's a factual basis for the

15  plea, and the Court orders that the defendant's conditional

16  plea of no contest is accepted.

17          I am going to order that you report to Department

18  108 on Monday for your plea and assessment.   I am finding

19  you guilty of one count of Health and Safety Code 11350(a),

20  a felony.   You are to report to Department 108 for an

21  assessment under Proposition 36.

22          You are sentenced to three years formal probation,

23  you are -- when is the DNA sample scheduled, what's the

24  compliance date on that?

25          MS. KENFIELD:   He will upon the Court's making the

26  order before he is released from custody today they will

27  take the sample.

28          THE COURT:   Okay.   Do you understand that?

23

1        THE DEFENDANT:  Uh-huh.

2        THE COURT:  You are ordered to submit your DNA

3   sample today.  You are subject to the four-way search clause

4   previously discussed on the record and you are also subject

5   to the restitution fund fines, court security fines and

6   probation/parole administrative fines previously discussed

7   on the record.  I think that's it.

8        MS. KENFIELD:  I believe that's correct.

9        THE COURT:  Mr. Singleton, I do hope that you

10  successfully complete this probation.

11       Thank you everybody.

12                        ---oOo---

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   STATE OF CALIFORNIA

2   COUNTY OF ALAMEDA

3

4           I, DEANA RANGEL, Certified Shorthand Reporter,

5   do hereby certify that I am an Official Court Reporter of

6   the Wiley W. Manuel Courthouse of the State of California,

7   and that as such I reported the proceedings had in the

8   above-entitled matter at the time and place set forth

9   herein.

10

11  That my stenograph notes were thereafter transcribed into

12  typewriting; and that the foregoing pages constitute a full,

13  true, and correct transcription of my said notes.

14

15

16

17

18           DEANA K. RANGEL, CSR #11324

19

20

21  NOVEMBER 7, 2006

22

23

24

25

26

27

28