EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
JILL M. THAYER, State Bar No. 166428
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-5954
 Fax:  (415) 703-1234
 Email:  Jill.Thayer@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **DUANE A. SINGLETON,**<br><br>                                     Petitioner,<br><br>     v.<br><br>**ROBERT L. AYERS, JR., Warden,**<br><br>                                     Respondent. | C 07-5969 VRW (PR)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER** |

**STATEMENT OF THE CASE**

On June 2, 2006, petitioner pled no contest to possession of a controlled substance (Cal. Health & Saf. Code, § 11350(a)) and the trial court granted three years formal probation. Ex. 1 at 8.

Petitioner did not file a direct appeal. On April 23, 2007, petitioner filed a petition for writ of coram nobis in Alameda County Superior Court, which was denied on June 5, 2007. Petitioner filed a petition for writ of coram nobis in the California Court of Appeal on August 21, 2007, which was denied on August 28, 2007.

According to the petition and exhibits, petitioner attempted to seek review in the

California Supreme Court. Pet. at 5, 6a & Exs. A & B. His petition for review was apparently not accepted for filing because the state court website contains no record of it.

Petitioner filed the instant petition in federal court on November 27, 2007.

## STATEMENT OF FACTS

A statement of the facts is unnecessary for a determination of the claim. Defense counsel stipulated to a factual basis for the plea based on the contents of the police report. Ex. 1 at 7.

## ARGUMENT

### I.

### PETITIONER'S CLAIMS ARE NOT EXHAUSTED

A petition for writ of habeas corpus may not be granted unless the petitioner has exhausted available state court remedies. 28 U.S.C. § 2254(b), (c)); *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Williams v. Stewart*, 441 F.3d 1030, 1041 (9th Cir. 2006). To exhaust, a petitioner must fairly present his claim to the state's highest court. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Since petitioner never fairly presented his claims to the California Supreme Court, he has not exhausted his available state court remedies. *James v. Giles*, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). However, this Court may deny (but not grant) the petition on the merits notwithstanding the failure to exhaust where the claim is plainly meritless. 28 U.S.C. § 2254(b)(2)); *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005).

### II.

**FEDERAL HABEAS RELIEF IS NOT AVAILABLE FOR VIOLATIONS OF STATE LAW OR CLAIMS RELATED TO THE DEPRIVATION OF CONSTITUTIONAL RIGHTS PRIOR TO A GUILTY PLEA**

Petitioner contends the district attorney violated California Penal Code section 825 by keeping him in jail for 72 hours without serving him with an information. Pet. at 6 & Ex. 1 at 1. Federal habeas relief is not available for violations of state law or for claims related to the deprivation of constitutional rights prior to a guilty plea.

"In conducting habeas review, a federal court is limited to deciding whether a conviction

violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Thus, federal habeas relief is not available for state law errors. *Id.* at 67.

California Penal Code section 825(a)[1] specifies the time within which a defendant must be taken before a magistrate after his or her arrest, usually 48 hours. The statute does not include a remedy for its violation. Since a violation of California Penal Code section 825 is a violation of state law, federal habeas relief is not available.

In addition, a defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea. *Tollett v. Henderson*, 411 U.S. 258, 467 (1973); *Ortberg v. Moody*, 961 F.2d 135, 137-38 (9th Cir. 1992). After a guilty plea, the only challenges remaining as a basis for federal habeas relief are the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). Under California law, a plea of nolo contendere in a felony case is equivalent to a plea of guilty for all purposes. Cal. Pen. Code, § 1016. Accordingly, petitioner's claim regarding the prosecutor's alleged violation of California Penal Code section 825 does not survive his no contest plea.

---

1. California Penal Code section 825(a) provides:
(1) Except as provided in paragraph (2), the defendant shall in all cases be taken before the magistrate without unnecessary delay, and, in any event, within 48 hours after his or her arrest, excluding Sundays and holidays.
(2) When the 48 hours prescribed by paragraph (1) expire at a time when the court in which the magistrate is sitting is not in session, that time shall be extended to include the duration of the next court session on the judicial day immediately following. If the 48-hour period expires at a time when the court in which the magistrate is sitting is in session, the arraignment may take place at any time during that session. However, when the defendant's arrest occurs on a Wednesday after the conclusion of the day's court session, and if the Wednesday is not a court holiday, the defendant shall be taken before the magistrate not later than the following Friday, if the Friday is not a court holiday.

**III.**

**DEFENSE COUNSEL DID NOT RENDER INEFFECTIVE ASSISTANCE IN CONNECTION WITH PETITIONER'S NO CONTEST PLEA**

Petitioner contends his attorney collaborated[2] with the prosecutor's alleged violation of California Penal Code section 825 because he "tricked me into believing that I had absolutely no legal defense(s)" because of the alleged violation. Pet. at 6 and Ex. 1 at 1. Defense counsel did not provide ineffective assistance in connection with petitioner's guilty plea.

First, under California law, "[c]*oram nobis* will not issue to vacate a plea of guilty solely on the ground that it was induced by misstatements of counsel or where the claim is that the defendant did not receive effective assistance of counsel." *People v. Gallardo*, 77 Cal.App.4th 971, 982-83 (2000). Accordingly, the California Court of Appeal could properly have denied this claim as unavailable in a coram nobis petition.

In any event, petitioner has failed to state a claim of ineffective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance "fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

The "*Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. at 58. To satisfy the prejudice component of the *Strickland* test, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

"A violation of a defendant's right to be taken before a magistrate within the time specified by the law does not require a reversal unless he shows that through such wrongful conduct

---

2. Petitioner's claim that defense counsel collaborated with the prosecutor does not warrant habeas relief because it is conclusory. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Moreover, a defendant's mere distrust of his attorney does not deprive him of representation under the Sixth Amendment. *Plumlee v. Masto*, 512 F.3d 1204, 1211 (9th Cir. 2008) (en banc).

he was deprived of a fair trial or otherwise suffered prejudice as a result thereof." *People v. Combs*, 56 Cal.2d 135, 142 (1961); *People v. Valenzuela*, 86 Cal.App.3d 427, 413 (1978). Petitioner has failed to state facts showing that the alleged delay in being taken before a magistrate deprived him of a fair trial or resulted in prejudice. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d at 26. Since petitioner was not prejudiced by the alleged delay, defense counsel was not incompetent for advising petitioner that the alleged delay did not provide a defense to the charges. Defense counsel's failure to make a futile motion does not constitute ineffective assistance. *Id.* at 27. In addition, petitioner has failed to demonstrate prejudice. Defense counsel stipulated to a factual basis for the plea, based on the police report. Ex. 1 at 7. Petitioner was eager to obtain the drug treatment services in connection with his probation. Ex. 1 at 3, 5-6. Three prior convictions and a traffic matter were struck as a result of the plea. Ex. 1 at 4. Accordingly, petitioner has failed to show that it is reasonably probable he would not have accepted the plea if defense counsel had asserted that the prosecution violated California Penal Code section 825.

**IV.**

**FEDERAL HABEAS RELIEF IS NOT AVAILABLE FOR ALLEGED ERRORS IN STATE POST-CONVICTION PROCEEDINGS**

Petitioner contends the judge at his initial hearing on his petition for writ of coram nobis violated his rights. Pet. at 6. This claim is not cognizable.

Initially, petitioner's conclusory allegation that the judge "viciously violated my rights," without more, does not entitle him to habeas relief. *James v. Borg*, 24 F.3d at 26. In any event, alleged errors in state post-conviction proceedings are not proper grounds for federal habeas corpus relief. *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir. 1998); *Gerlaugh v. Stewart*, 129 F.3d 1027, 1045 (9th Cir. 1997); *Villafuerte v. Stewart*, 111 F.3d 616, 632 n. 7 (9th Cir. 1997); *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989).

# V.

## FEDERAL HABEAS RELIEF IS NOT AVAILABLE FOR ALLEGED ERRORS IN THE POST-CONVICTION REVIEW PROCESS BY THE CALIFORNIA SUPREME COURT

Petitioner contends the California Supreme Court violated his constitutional rights "via an illegal procedural default." Pet. at 6a. His claim lacks merit.

As noted above, federal habeas relief is not available for alleged errors in the state post-conviction review process. Further, the question whether the state court properly imposed its own state procedural bar does not raise a federal question. *See High v. Ignacio*, 408 F.3d 585, 590 (9th Cir. 2005); *Poland v. Stewart*, 151 F.3d 1014, 1018 (9th Cir. 1998).

**CONCLUSION**

Accordingly, respondent respectfully requests this Court to deny the petition for writ of habeas corpus.

Dated: June 10, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Jill M. Thayer
JILL M. THAYER
Deputy Attorney General

Attorneys for Respondent

40258252.wpd
SF2008400593

# EXHIBIT 1

1  INSOFAR AS upon my initial
2  contact with the germane
3  counsel one GARY L. SHERRER
4  ESQ. ADAMANTLY REQUESTED
5  HIM TOO FILE A UNIQUE
6  MOTION TO DISMISS
7  BASED ON THE FACT
8  THAT I'D STAYED IN
9  JAIL FOR SEVENTY TWO
10 HOURS WITHOUT GETTING
11 SERVED AN INFORMATION
12 AND WAS RELEASED. SAID
13 ESQ. TRICKED ME
14 INTO BELIEVING THAT
15 I HAD ABSOLUTELY NO
16 LEGAL DEFENSE(S) VIA
17 SAID SCENARIO —
18 THEREBY HAVING ME
19 ILLEGALLY SUBJECTING

1

```
                                        FILED
                                    ALAMEDA COUNTY
          ORIGINAL
                                      NOV 7 2006

                                CLERK OF THE SUPERIOR COURT
                                By_____
                                                    Deputy
          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

                   IN AND FOR THE COUNTY OF ALAMEDA

                       WILEY W. MANUEL COURTHOUSE

              BEFORE THE HONORABLE EVELIO GRILLO, JUDGE

                          DEPARTMENT NUMBER 110

                                ---oOo---


    THE PEOPLE OF THE STATE      )
    OF CALIFORNIA,               )
                                 )
                Plaintiff,       )
                                 )
          Vs.                    )   No. 519203
                                 )
    DWAYNE SINGLETON,            )
                                 )
                Defendant.       )
    _____)

              REPORTER'S TRANSCRIPT OF PROCEEDINGS
                         CHANGE OF PLEA


                       WILEY W. MANUEL COURTHOUSE
                         OAKLAND, CALIFORNIA

                            JUNE 2, 2006


                         A P P E A R A N C E S:


    FOR THE PEOPLE:              ANN KENFIELD
                                 DEPUTY DISTRICT ATTORNEY

    FOR THE DEFENDANT:           GARY SCHERRER
                                 DEPUTY PUBLIC DEFENDER


          REPORTED BY:  DEANA RANGEL, CSR #11324
```

2

2

1  Attorney is going to state the terms of your plea agreement.
2  I want you to listen very carefully then after she states
3  those terms I'm going to ask you a few questions.
4           MS. KENFIELD:  Thank you, your Honor.  It's my
5  understanding that Mr. Singleton will be entering a plea to
6  the sole count charged in the complaint, a violation of
7  Health and Safety Code 11350(a), a felony.  That offense
8  carries a state prison sentencing range of 16 months, two or
9  three years in state prison.  Mr. Singleton is eligible for
10 probation pursuant to Prop 36, and it's my understanding he
11 desires to take advantage of those services.  Is that
12 correct, Mr. Singleton?
13          THE DEFENDANT:  Yes, absolutely, on an outpatient
14 program.
15          MS. KENFIELD:  Proposition 36 is a drug treatment
16 program and the gamut of services is both inpatient and
17 outpatient depending upon the assessment that the Behavioral
18 Health care assessors determine is the appropriate treatment
19 for Mr. Singleton.
20          He would therefore be placed on -- he would be
21 waiving time for sentence and waiving a pre sentence
22 probation report.  And upon the Court's acceptance of the
23 plea in this matter he would be summarily placed on three
24 years formal felony probation pursuant to Prop 36.
25          THE COURT:  Hold on.  You can waive time for
26 sentencing, waive a probation report?
27          MS. KENFIELD:  Waive a pre sentence probation
28 report.

**3**

1  does take into account the defendant's ability to pay.
2  There would be a probation administration and parole
3  administration fund fine that would be stayed pending the
4  defendant's performance on probation.
5       THE COURT: Okay. So the $200 to $10,000 is a
6  restitution fund fine?
7       MS. KENFIELD: Yes.
8       THE COURT: And the other one you are saying he was
9  going to have imposed on him?
10      MS. KENFIELD: It's called a probation/parole
11 administration fine, and that any payments on that is stayed
12 so long as Mr. Singleton on the is performing well on
13 probation.
14      Something else Mr. Singleton needs to understand.
15 If he does not successfully complete Proposition 36
16 probation and he violates his probation to such an extent
17 that he is sentenced to state prison he would be released
18 after he serves his time on parole. Parole can last up to
19 five years, and upon a parole violation you can be returned
20 to state prison for up to one year for each violation.
21      I think that covers it. In addition, Mr. Singleton
22 has three prior convictions. The priors would be stricken
23 for purposes of sentencing only. It's my understanding that
24 there is a traffic matter pending as well, and that matter
25 will be dismissed.
26      THE COURT: Do you have a docket number on the
27 traffic matter?
28      MS. KENFIELD: We have the CEN number, 6237194.

```
1  That is the exposure, is that correct, counsel?
2          MS. KENFIELD: Yes.
3          MR. SCHERRER: Let me explain it to him.
4          (Brief pause.)
5          MR. SCHERRER: Thank you, your Honor.
6          THE DEFENDANT: Formal probation, that means that I
7  has a probation officer?
8          THE COURT: Yes. You will have a probation officer.
9          THE DEFENDANT: That's good, that's good. I would
10 like to get some assistance in that.
11         THE COURT: All right. Now if you successfully
12 complete your probation you can petition the Court for
13 dismissal of the charges when you complete your probation.
14 If that happens and the Court finds you have successfully
15 completed your drug treatment and substantially complied
16 with the conditions of probation your conviction will be set
17 aside and the case will be dismissed.
18         In that event you would be released from all
19 penalties and disabilities under California law resulting
20 from the conviction, except you would not be permitted to
21 own, posses, or have in your custody or control any
22 concealable firearm and you would be subject to prosecution
23 for such acts; do you understand that?
24         THE DEFENDANT: Yes.
25         THE COURT: In addition, if you are successful when
26 you complete this program you could deny in response to any
27 question concerning your prior criminal record that you were
28 arrested for or convicted of the offense except that you
```

```
 1  would have to disclose the arrest or conviction in any
 2  questionnaire or application for public office, for a
 3  position as a peace officer, for licensing by the state or
 4  local agency, or for contract work with the California state
 5  lottery or for the purpose of serving on a jury; do you
 6  understand that?
 7          THE DEFENDANT:  Yes, sir.
 8          THE COURT:  You have heard the plea that the
 9  District Attorney described.  Do you have any questions on
10  that?
11          THE DEFENDANT:  Well, my only problem would be I'm
12  not going to be able to do in-home treatment, residential
13  treatment.  I can do as much outpatient treatment as they
14  would like for me to do, and I do like -- I like the idea of
15  me having a formal probation officer because that could
16  possibly help me get jobs and secure identification and
17  things of this nature as opposed to me just being on court
18  probation where it's just dealing with the Court.
19          THE COURT:  Okay.  That's not part of the deal, and
20  I can't guarantee that you won't be ordered to go to
21  residential treatment.
22          THE DEFENDANT:  Right now I have too many
23  responsibilities.  I have a father who has Alzheimers, I'm
24  in the process of getting married, I have a fiance that I'm
25  engaged to.  As a matter of fact, I was in your very
26  court -- I had the green suit on and the green hat -- named
27  Booker.  I was in your very court about a week and a half or
28  so ago sitting in the audience in that regard for her.
```

```
 1            Now, do you understand that your plea is the same as
 2   a guilty plea and that you are being found guilty as part of
 3   this plea agreement?
 4            THE DEFENDANT:  Yes.
 5            THE COURT:  Is there a factual basis for the plea?
 6            MR. SCHERRER:  So stipulated based upon the contents
 7   of the police report provided.
 8            MS. KENFIELD:  Yes.
 9            THE DEFENDANT:  Contents of the police report, I
10   have not read the police report.
11            MR. SCHERRER:  He's not asking you, he's asking me
12   if I believe there's a factual basis for the plea.  And I'm
13   telling him there is based upon the police report.
14            THE COURT:  I'm going to ask you in a minute if you
15   have any questions, sir.  Last thing, I have something here
16   in my hand it's a green sheet of paper called a waiver on
17   plea of guilty no contest felony.  Do you see that?
18            THE DEFENDANT:  Uh-huh.
19            THE COURT:  That purports to have your signature on
20   it.  Is that your signature?
21            THE DEFENDANT:  Yes.
22            THE COURT:  There are fifteen boxes, each of them
23   have the initials DAS in them other than box 11.  Are those
24   your initials in each of those boxes?
25            THE DEFENDANT:  Yes.
26            THE COURT:  Before you signed this document and
27   initialed each of the boxes did you have a chance to talk to
28   your attorney about it?
```

7

```
 1          THE DEFENDANT:  Yes.
 2          THE COURT:  Now do you have any questions before I
 3   finish here?
 4          THE DEFENDANT:  No, I've changed my mind.  None at
 5   all.
 6          THE COURT:  You had a question a minute ago?
 7          THE DEFENDANT:  Never mind.
 8          THE COURT:  All right.  The Court finds that the
 9   defendant has knowingly, intelligently, and voluntarily
10   waived his Constitutional rights.  The Court further finds
11   that the defendant has freely entered into a conditional
12   plea of no contest with an understanding of the consequences
13   of the plea.
14          The Court finds that there's a factual basis for the
15   plea, and the Court orders that the defendant's conditional
16   plea of no contest is accepted.
17          I am going to order that you report to Department
18   108 on Monday for your plea and assessment.  I am finding
19   you guilty of one count of Health and Safety Code 11350(a),
20   a felony.  You are to report to Department 108 for an
21   assessment under Proposition 36.
22          You are sentenced to three years formal probation,
23   you are -- when is the DNA sample scheduled, what's the
24   compliance date on that?
25          MS. KENFIELD:  He will upon the Court's making the
26   order before he is released from custody today they will
27   take the sample.
28          THE COURT:  Okay.  Do you understand that?
```

**8**